LAURIE A. TRAKTMAN (SBN 165588)
STEVEN M. REHAUT (SBN 121710)
BENJAMIN M. O'DONNELL (SBN 309119)
**GILBERT & SACKMAN**
**A Law Corporation**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Facsimile: (323) 937-3139
Email: lat@gslaw.org
Email: smr@gslaw.org
Email: bodonnell@gslaw.org

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF SHEET METAL WORKERS' PENSION PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF SHEET METAL WORKERS' HEALTH PLAN OF SOUTHERN CALIFORNIA, ARIZONA AND NEVADA; BOARD OF TRUSTEES OF SOUTHERN CALIFORNIA SHEET METAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE; BOARD OF TRUSTEES OF SHEET METAL WORKERS LOCAL 105 RETIREES' SUPPLEMENTAL HEALTH CARE TRUST FUND; BOARD OF TRUSTEES OF SOUTHERN CALIFORNIA SHEET METAL WORKERS' 401(A) PLAN; INTERNATIONAL ASSOCIATION OF SHEET METAL AIR, RAIL AND TRANSPORTATION WORKERS, LOCAL UNION NO. 105 UNION DUES CHECK-OFF AND DEFERRED SAVINGS FUND; BOARD OF TRUSTEES OF SOUTHERN CALIFORNIA LABOR MANAGEMENT COOPERATION TRUST; BOARD OF TRUSTEES OF SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION | Case No.  5:22-cv-00236-JGB-KKx) <br><br> Hon. Jesus G. Bernal <br><br> STIPULATION FOR JUDGMENT |

1 | OF SOUTHERN CALIFORNIA;  AND BOARD
2 | OF TRUSTEES OF SHEET METAL WORKERS
3 | LOCAL 105 HEALTH REIMBURSEMENT
PLAN,

          Plaintiffs,

             v.

R B SHEET METAL, INC.; AND ROBERT
WILLIAM BARNES, individual

          Defendants.

     IT IS HEREBY STIPULATED by and between Plaintiffs  Board of Trustees of Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada ("Pension Plan"); Board of Trustees of Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada ("Health Plan"); Board of Trustees of Southern California Sheet Metal Joint Apprenticeship and Training Committee ("JATC"); Board of Trustees of Sheet Metal Workers Local 105 Retirees' Supplemental Health Care Trust Fund ("Retirees Plan"); Board of Trustees of Southern California Sheet Metal Workers' 401(a) Plan ("401(a) Plan"); International Association of Sheet Metal Air, Rail and Transportation Workers, Local Union No. 105 Union Dues Check-Off and Deferred Savings Fund ("Dues and Savings Fund"); Board of Trustees of Southern California Labor Management Cooperation Trust ("LMCT"); Board of Trustees of the Sheet Metal and Air Conditioning Contractors National Association of Southern California  ("Industry Fund");  and Board of Trustees of Sheet Metal Workers Local 105 Health Reimbursement Plan ("HRA")  (collectively referred to as the "Plans"), and Defendants, Robert William Barnes ("Individual Defendant") and R B Sheet Metal, Inc. ("Company") subject to the approval of this Court:

     1.    The Company and Individual Defendant are and have been parties to a collective bargaining agreement with International Association of Sheet Metal Air, Rail

and Transportation Workers Local Union No. 105, which created an obligation to pay monthly employee benefit plan contributions to the Plans.

2.      That the Company and Individual Defendant agree that they are indebted to the Plans in the total amount of $36,702.11 as follows: $18,007.53 in audit contributions conducted for the period of January 1, 2016 through March 31, 2020; $3,601.50 in liquidated damages for late payment or nonpayment of the audit contributions for the period of January 1, 2016 through March 31, 2020; $2,593.08 in interest for late payment or nonpayment of the audit contributions for the period of January 1, 2016 through March 31, 2020; and attorney's fees in the amount of $12,500.00.

3.      The Company and Individual Defendant remain delinquent in their required payments of employee benefit plan contributions to the Plans.

4.      Based on the foregoing, Judgment may be entered in this case in favor of the Plans and against the Company and the Individual Defendant jointly and severally, in the amount of $36,702.11 in delinquent employee benefit plan audit contributions, accrued audit liquidated damages, interest, attorney fees and costs, together with post-judgment interest thereon at the rate of 12% per annum as of the date of the Judgment.

5.      The Company and Individual Defendant may satisfy the judgment by paying, and shall pay, the Plans the sum of $24,202.11 composed of audit contributions in the amount of $18,007.53 for the period of January 1, 2016 through March 31, 2020; $3,601.50 in liquidated damages for late payment or nonpayment of the audit contributions for the period of January 1, 2016 through March 31, 2020; and $2,593.08 in interest for late payment or nonpayment of the audit contributions for the period of January 1, 2016 through March 31, 2020 according to the following payment plan: the company will make twelve (12) installments of $1,800.75 due on the tenth (10th) of each month, commencing on January 10, 2022 and continuing on the tenth (10th) day of each successive month through December 10, 2022. A final installment of $2,593.08 will be paid by January 10, 2023 for interest.

6.      Each and every installment payment must be made by fully

STIPULATION FOR JUDGMENT

negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 North Sepulveda Boulevard, Suite 210, Manhattan Beach, California 90266.

7.      This agreement is not intended to and does not prejudice the Plans' right to collect additional amounts if additional contributions are in fact due.

8.      Apportionment and crediting of all sums received by the Plans under or pursuant to this Stipulation for Judgment shall be at the sole and exclusive discretion of the Plans, consistent with federal law.

9.      The Company and Individual Defendant may be restrained and enjoined, for so long as this Stipulation remains in effect and amounts outstanding remain unpaid, from failing or refusing:

a.      to make payments of contributions to the Plans on the dates on which they fall due; and

b.      to submit to the Plans accurate and complete remittance reports on the dates on which they fall due, including, when applicable, "no hours" reports for months for which no covered work is performed.

c.      to submit to the Plans a monthly list of all construction jobs which at that time are in progress, were completed within the last one hundred twenty days (120) days, or are contemplated to be started within the next thirty (30) days, and accounts receivables which should include, among others things, the following information: the proper names and addresses of the jobs on which the Company and/or Individual Defendant are working, the names and addresses of the owners of the jobs, the names and addresses of the general contractors on the job and the numbers of hours that each employee worked on the jobs, any certified payrolls, and the dates the jobs were completed or are expected to be completed, to the extent that such information is available.

10.     This agreement is without prejudice to any Miller Act claims, mechanics' liens, or stop payment notices which may be filed by the Plans on jobs worked by the Company.

11.     This Stipulation for Judgment will be filed in Federal District Court if the Company and the Individual Defendant fail to comply with paragraph 5 above (or any other provision) which includes accruing an additional delinquency to the Plans.  Further, in the event the Company and Individual Defendant fail to comply with any of the provisions set forth in paragraphs five (5) or nine (9) above, or any other provision of this Stipulation, the entire amount of the judgment in paragraph 4, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant jointly and severally, plus interest on such unpaid amounts at the annual rate of twelve percent (12%).

12.     The parties agree that if the Defendants default on the terms of the payment plan articulated in paragraph 5, including if Defendants fail to pay installments timely or accrue an additional delinquency, the Plans can file a Complaint in Federal District Court and, thereafter, file this Stipulation to resolve that Complaint.

13.     This Court retains jurisdiction over this matter through April 1, 2023 to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by Defendants.  Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

14.     The Individual Defendant agrees that they are personally liable jointly and severally for the total amount noted in paragraph 2 of this Stipulation for Judgment and that the Plans can offset any benefits to which they are or may be entitled by the amount noted in paragraph 2 of this Stipulation for Judgment, less any credits.

15.     Should Defendants accrue additional delinquencies to the Plans, any installment paid under this Stipulation for Judgment may be applied to pay the accrued delinquencies due and owing at the time of payment before being applied to any installment owed under this Stipulation for Judgment.

16.     This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  By signing below, each person is attesting to the fact that he or she has read this Stipulation in its entirety, understands its terms and is in agreement with its terms and has full authority to bind the parties for which they sign.

17.     The Plans shall have the right, upon no less than five (5) days advanced written request, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Supplemental Stipulation.

18.     A signed copy of this Stipulation transmitted by facsimile machine or by e-mail will have the same force and effect as an original signature.

///
///
///
///
///
///
///
///
///
///
///
///
///

1        19.    In the event any litigation becomes necessary to enforce any term or terms

2  of this Stipulation, the prevailing party or parties shall be awarded and shall recover all

3  reasonable attorneys' fees and costs of suit.

4

5

6                            Respectfully submitted,

7

8

9  Dated: __02/07/2022__              **GILBERT & SACKMAN**

10                              A Law Corporation

11                              By:_____

12                                   Laurie A. Traktman, Esq.

13                                   Attorneys for Plaintiffs

14

15 Dated: _12/28/21_            **RB SHEET METAL, INC.**

16

17                              By:_____

18                                 Robert William Barnes, President

19

20 Dated: _12/28/21_            **ROBERT WILLIAM BARNES**

21

22                              By:_____

23                                 Robert William Barnes, Individual

24

25

26

27

28

STIPULATION FOR JUDGMENT